## Carter v. First Pennsylvania Banking and Trust Company

*Herbert Braker*, for plaintiff.

*Joseph· R. Thompson* and *John F. Ledwith,* for defendants.

SLOANE, J., September 25, 1969.—This is an appeal from my denial of defendants' motion to strike an order entered by me on September 10, 1968. That day, I ordered defendants in this trespass action to answer plaintiff's interrogatories within 45 days, failing which they would not be permitted to enter a defense at trial. Defendants ignored the· order. The permitted period for filing answers expired October 25, 1968. Answers were eventually filed by First Pennsylvania Company on November 26, 1968, and by Sears, Roebuck & Co. on January 23, 1969.

Defendants contend that the order of September 10, 1968, should be vacated. They claim the rule was "not in accord with the Rules of Civil Procedure" and that enforcement of the sanction "highly prejudices" their defense.

The order for sanctions fully complied with Pennsylvania Rule of Civil Procedure 4019. Rule 4019(a) enables the court, on motion, to "make an appropriate order if (1) a party wilfully fails to file answers

or sufficient answers to written interrogatories served under Rule 4005." Proper interrogatories were served by plaintiff on April 4, 1968. After over four months waiting for answers, plaintiff filed the motion for sanctions, which was heard by the court. Clearly, once the court directs a party to file answers, a subsequent failure to do so without adequate excuse is wilful and warrants the imposition of sanctions.

Pennsylvania Rule of Civil Procedure 4019(c) provides: "The court, when acting under Subdivision (a) of this rule may make . . . (2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses . . . or (3) an order . . . entering a judgment . . . by default against the disobedient party." As a result of defendants' refusal or neglect in failing to make timely answers to plaintiff's interrogatories, they are not permitted to enter a defense at trial. The sanction is proper and appropriate since defendants had almost seven months from the service of interrogatories to the expiration of the 45 day period to answer.

Defendants' contention that the sanction prejudices their position has merit — such prejudice gives teeth to the order. Without real sanctions, enforcement of orders is simply not feasible. Pa. R. C. P. 4019(c) allows diverse sanctions, including prohibitions against introducing documents, testimony or evidence of physical or mental condition. Orders may also strike out pleadings or parts of pleadings. These sanctions are specifically designed to be prejudicial in order to secure compliance with the court's orders. Defendants' wilful noncompliance resulted in inexcusable delay. The progress of litigation hopefully will be facilitated by the imposition of proper sanctions upon such conduct.

Defendants' motion to strike my order of September 10, 1968, is denied.